# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CARE SOLUTIONS, INC., | ) | |
| | ) | |
| Serve at:  Timothy J. Powers | ) | |
|     12002 SW 37th Ter. | ) | |
|     Miami, FL 33175 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Express Scripts, Inc. ("Express Scripts"), by and through its undersigned counsel and pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), respectfully moves this Court to confirm the final arbitration award issued in Express Scripts' favor and against Defendant and to enter judgment thereon in the amount of $1,910,345.05, together with post-judgment interest at the maximum rate provided by law.  In support of this Petition, Express Scripts states as follows:

## NATURE OF THE PROCEEDINGS

1. This proceeding is brought pursuant to Section 9 of the FAA (9 U.S.C. § 9) to confirm the Final Award, which was entered by the Arbitrator on March 4, 2019 in Express Scripts' favor and against Care Solutions, Inc. ("Care Solutions") in the matter of *Express Scripts Inc. v. Care Solutions, Inc.*, AAA No. 01-18-0002-6783 (the "Award").  A true and correct copy of the Final Award is attached as Exhibit A to this Petition.

2.      Care Solutions has represented it will not satisfy the Award entered in favor of Express Scripts.  Thus, Express Scripts now respectfully requests the Court confirm the Award and render judgment consistent with its terms.

## PARTIES

3.      Express Scripts is a corporation organized and existing under the laws of Delaware with its principal place of business in St. Louis County, Missouri.

4.      Care Solutions is a Florida corporation with its principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the matter is governed by the Federal Arbitration Act and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.      Venue is appropriate in this Court pursuant to 9 U.S.C. § 9 because the arbitration proceeding at issue was conducted, and the Award was made, in the Eastern District of Missouri.

## FACTUAL BACKGROUND

7.      On April 6, 2012, Express Scripts and Care Solutions (collectively referred to as the "Parties") entered into the Provider Agreement.  *See* Provider Agreement, excerpts of which are attached hereto as Exhibit B.

8.      Pursuant to Section 7.15 of the Provider Agreement, Express Scripts and Care Solutions agreed to arbitrate disputes between them pursuant to the rules of the American Arbitration Association ("AAA").  *See* Ex. B at § 7.15.  Also in Section 7.15, the Parties agreed

that any decision rendered by an arbitrator with respect to a Claim submitted pursuant to the Agreement could be entered as a judgment in any court having jurisdiction over the Parties. *Id.*

9. On July 12, 2018, Express Scripts initiated an arbitration proceeding before the AAA against Care Solutions seeking damages for breach of contract and, alternatively, unjust enrichment.

10. In accordance with the Parties' arbitration agreement, the AAA appointed Stephen G. Sneeringer as the Arbitrator on August 30, 2018. *See* Notice of Appointment attached hereto as Exhibit C.

11. The Arbitrator held a final hearing in St. Louis, Missouri on February 26, 2019.

12. On March 4, 2019, the Arbitrator issued the Award that awarded Express Scripts $1,910,345.05. Ex. A.

13. The Award states that it "fully resolves all claims submitted to this Arbitration." Ex. A. at ¶ 8.

14. No motion to vacate, modify, or correct the Award has been filed.

## CONFIRMATION OF AWARD

15. The Federal Arbitration Act (the "FAA") applies to the Award. The FAA requires district courts to enforce agreements to arbitrate in contracts that involve interstate commerce. 9 U.S.C. § 2; *see also* Ex. B at § 7.15.

16. Section 9 of the FAA permits a party to apply for an order and final judgment confirming an arbitration award. Specifically, Section 9 of the FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections and of this title. If no court is

>   specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.

17. The Provider Agreement provides that any decision rendered by an arbitrator with respect to a Claim submitted pursuant to the Agreement can be entered as a judgment in any court having jurisdiction over the Parties. Ex. B at § 7.15.

18. Pursuant to the terms of the FAA, a party has one year from the date of the arbitration award to seek confirmation of the award. 9 U.S.C. § 9. Because the Award here was issued on March 4, 2019, this petition is timely.

19. Absent limited, exceptional circumstances that do not apply here, the FAA requires a district court to confirm an award as a judgment. *See Beumer Corp. v. ProEnergy Srvs., LLC*, 899 F.3d 564, 565 (8th Cir. 2018) ("Under the Federal Arbitration Act, 9 U.S.C. § 9, a court must confirm an arbitration award unless the award is vacated under 9 U.S.C. § 10, or modified or corrected pursuant to 9 U.S.C. § 11.")

20. Express Scripts has submitted all required papers with its Petition. *See* 9 U.S.C. 13 (requiring the moving party to submit the Agreement, the Notice of Appointment, and the Award); *see also* Exhibits A, B, & C.

21. The Award itself reflects a careful consideration and adjudication of the Parties' respective claims and defenses.

WHEREFORE, for the foregoing reasons, Express Scripts respectfully requests the Court enter:

1. An Order granting the Petition to Confirm Arbitration Award and confirming the Award in all respects;

2. A final money judgment in favor of Express Scripts and against Care Solutions, Inc. in the amount of $1,910,345.05, plus post-judgment interest at the maximum rate provided by law; and

3. An Order granting such other and further relief as this Court deems just and proper.

Dated: March 12, 2019

                Respectfully submitted,

                HUSCH BLACKWELL LLP

                By: */s/ Tanya M. Maerz*
                Christopher A. Smith, #53266
                Tanya M. Maerz, #63987
                Sarah L. Zimmerman, #69440
                190 Carondelet Plaza, Suite 600
                St. Louis, MO  63105
                Telephone: 314.480.1500
                Fax: 314.480.1505
                chris.smith@huschblackwell.com
                tanya.maerz@huschblackwell.com
                sarah.zimmerman@huschblackwell.com
                *Attorneys for Express Scripts, Inc.*